# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HILTON BATEMAN, JR.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-445**       (Fam. Ct. Berkeley Cnty. No. FC-02-2006-D-832)

**LINDA MAGILL,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hilton Bateman, Jr. ("Husband") appeals the adequacy of the reduction of his spousal support obligation as determined by the Family Court of Berkeley County's September 9, 2023, order. Respondent Linda Magill ("Wife") did not participate in the appeal.[1] The family court held that a spousal support reduction from $1,750 per month to $1,250 per month was appropriate.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, vacated, in part, and remanded to the family court with directions as set forth herein.

The parties were divorced by a final order entered on February 21, 2007. Pursuant to the final divorce order, which incorporated the agreement of the parties, Husband was ordered to pay Wife $1,750 per month in spousal support, subject to judicial modification. At the time of the divorce, Husband earned approximately $115,000 per year and Wife had no income. Wife also received one-half of Husband's retirement accounts at the time of divorce. After the divorce, Husband continued to work and earn retirement. Wife worked part-time and did not earn retirement.

Husband retired on March 31, 2023, and filed a petition to modify/terminate spousal support due to the change in income disparity between the parties. A hearing on Husband's petition was held on July 18, 2023. As of the hearing date, Husband's monthly income was $7,097 and consisted of federal retirement and social security. Wife's monthly income was $4,480 and consisted of her portion of Husband's federal retirement and social security.

---

[1] Husband is represented by Gregory A. Bailey, Esq.

1

The parties' living expenses were found to be approximately $5,500 per month each. The family court found that the parties' monthly income disparity was $2,617. The final order entered on September 9, 2023, held that based upon the statutory spousal support factors, it was appropriate to reduce Husband's spousal support obligation from $1,750 to $1,250 per month. It is from that order that Husband now appeals.

For these matters, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband contends that the family court erred by awarding an amount of spousal support that merely and effectively equalizes the parties' respective incomes. We agree.

The family court's September 9, 2023, order states that the twenty spousal support factors outlined in West Virginia Code § 48-6-301(b) were considered by the court.[2]

---

[2] West Virginia Code § 48-6-301(b) (2018) lists the following factors for consideration when determining whether a party is entitled to spousal support:

(1) The length of time the parties were married;
(2) The period of time during the marriage when the parties actually lived together as husband and wife;
(3) The present employment income and other recurring earnings of each party from any source;
(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market, and custodial responsibilities for children;
(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of § 48-7-6 *et seq.* of this code, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support and separate maintenance: *Provided,* That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the

However, the family court's order did not separately address the relevant statutory factors and it is unclear from the order how the family court arrived at the amount of $1,250. At the time of the parties' divorce, Husband earned approximately $115,000 per year and Wife had no employment income. In its September 9, 2023, order the family court notes that the parties' current monthly income disparity is only $2,617. A review of that order's factual findings suggest that the family court was attempting to equalize the parties' income. The Supreme Court of Appeals of West Virginia has held that "[spousal support] may not be awarded solely for the purpose of equalizing the income between spouses." *Stone v. Stone*, 200 W. Va. 15, 19, 488 S.E.2d 15, 19 (1997) (per curiam). Following *Stone*, in reviewing

income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental, and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education, or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support and separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in § 48-6-301(b)(10) of this code;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

a similar modification proceeding where the support-paying spouse retired, we remanded the support modification order with directions for further evaluation of the need for spousal support in light of statutory factors with a view toward "the financial needs of the parties, their incomes and income earning abilities and their estates, and the income produced by their estates." *Davis v. Davis*, No. 22-ICA-153, 2023 WL 2365329, at \*2 (W. Va. Ct. App. 2023) (memorandum decision) (citations omitted).

Therefore, we affirm the family court's determination that a reduction of spousal support was warranted by the substantial change in circumstances, but we vacate its determination that $1,250 was the proper modified amount. We further remand the matter with directions to further analyze the spousal support factors to determine whether a $500 monthly reduction was sufficient in light of *Stone* and *Davis*, and to issue a new order that contains sufficient findings of fact and conclusions of law to permit meaningful appellate review should either party seek to appeal that decision.

Accordingly, we affirm, in part, vacate, in part, and remand the family court's September 9, 2023, order.

Affirmed, in part, Vacated, in part, Remanded.


**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4